## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-25-211-JFH-6** |
| | ) | |
| **GLENN RODGER HYDE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Defendant Glenn Rodger Hyde is indicted herein for one count of participating in a drug conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), & 841(b)(1)(C). Defendant filed a motion to obtain certain grand jury transcripts related to the present indictment. Defendant's Petition to Disclose Grand Jury Testimony [Docket No. 298] is referred for final determination pursuant to 28 U.S.C. § 636(b)(1). *See* Docket No. 302. The undersigned Magistrate Judge held a hearing on Monday, March 30, 2026. *See* Docket No. 316. For the reasons set forth below, Defendant's Petition to Disclose Grand Jury Testimony [Docket No. 298] is DENIED.

Defendant requests: (1) all transcripts, evidence, and material presented before the Ground Jury, including but not limited to testimony, relating to paragraph 12 of the Indictment,[1] and (2) all transcripts, evidence, and materials presented before the Grand

---

[1] The Indictment enumerates certain "Overt Acts" in further of the alleged conspiracy in this case, including, *inter alia*, that "On or about February 13, 2025, SHAWNDA LA DAWN RUSSELL and GLENN RODGER HYDE [Defendant] traveled to Atoka, Oklahoma to purchase four kilograms of methamphetamine from JERRY LEE GRIST." Docket No. 2, p. 5, ¶ 12.

Jury by Agent Ryan Green, including, but not limited to testimony related to paragraph 12. "There is 'a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts.'" *United States v. Warren*, 747 F.2d 1339, 1347 (10th Cir. 1984) (quoting *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 681 (1958) (footnote omitted)).  Indeed, "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218 (1979).  The exceptions to this rule of secrecy are few, outlined in the Federal Rules of Criminal Procedure.  Rule 6(e)(3)(E)(i) & (ii) provides:  "The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding; [or] at the request of a defendant who shows that a ground may exists to dismiss the indictment because of a matter that occurred before the grand jury[.]"  Plaintiff points to these grounds in support of his motion.  Docket No. 298, pp. 1-2.

The Tenth Circuit holds that the long-running standard for disclosure is "a strong showing of particularized need."  *Warren*, 747 F.2d at 1347.  This is a "heavy" burden. *United States v. Baver*, 2023 WL 3022495, at *3 (D. Utah April 20, 2023) (collecting cases).

> The prerequisites for disclosure of grand jury materials are demanding. Specifically, a party seeking grand jury materials must show (1) the materials are needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only material so needed. Relevance alone is not sufficient; secrecy will not be broken absent a compelling necessity for the materials. Further, *the request must amount to more than a request for authorization to engage in a fishing expedition.*

-2-

*In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997) (quotations and citations omitted) (emphasis added). The decision of whether grand jury transcripts should be released is committed to the "sound discretion" of the district court. *In re Lynd*e, 922 F.2d 1448, 1454 (10th Cir. 1991) (citations omitted). "Indeed, review of grand jury minutes is rarely permitted without **specific factual allegations** of government misconduct." *United States v. Hernandez*, 2015 WL 738697, at *1 (D. Colo. Feb. 19, 2015) (emphasis added) (citing *U.S. v. Orr,* No. 2007 WL 88453, at *2 (D. Colo. Jan. 9, 2007) (unpublished)). "Typically, cases of 'particularized need' arise when the litigant seeks disclosure of grand jury transcripts 'to impeach a witness, to refresh his recollection, [or] to test his credibility.'" *In re Lynde*, 922 F.2d at 1454 (quoting *Procter & Gamble, Co.*, 356 U.S. at 683).

Defendant contends that his particularized need stems from concerns that the alleged overt act in paragraph 12 was garnered from a recorded statement made by Defendant's alleged co-conspirator and co-defendant, Jerry Grist, in which Grist alleged Defendant "traveled to Atoka, Oklahoma to purchase four kilograms of methamphetamine." Defendant is already in possession of the recording of Grist's statement but contends there is no proof of an actual purchase because Grist also indicated on the same recording that he did not have "four kilos" to sell. Additionally, Defendant alleges that Grist had no insight into Defendant's state of mind and/or intentions. Defendant therefore contends that the requested grand jury materials are therefore necessary for preparation of the defense in this case and may contain exculpatory information.

At the hearing on this motion, Defendant's counsel further noted that BIA Special Agent Ryan Green testified at Defendant's detention hearing that the Government's confidential information ("CI") was present "during a controlled purchase of methamphetamine" when Defendant and co-Defendant Russell were at Grist's resident. *See* Docket No. 207, pp.9-10. Special Agent Green then immediately stated, "I'm sorry," and explained that as they were on their way to Grist's house, Grist told the CI (before Defendant and Russell) arrived that Grist did not have four kilos of methamphetamine. *Id.* Based on the transcript of the hearing, Special Agent Green corrected himself as to the details without prompting. Special Agent Green also testified that, on a later date, Grist called people, including Defendant, to inform them that he had obtained anywhere from 25 to 30 kilos of methamphetamine, but then later called all his "customers" including Defendant to say that the quality of the meth was not good. *Id.*, p. 11.

Finally, Defendant referenced at the hearing certain responses to proffered statements and an affidavit pursuant to a search warrant, dated in April of 2025, but did not provide a copy of the affidavit or other statements to the court, instead reciting various excerpts in support of his argument. All arguments related to Special Agent Green's testimony appear to be an attempt to access the grand jury materials for purposes of impeachment, as both parties agree Special Agent Green will be testifying at the trial.

The Government concedes and the undersigned Magistrate Judge agrees that the Indictment does not allege Defendant purchased methamphetamine on February 13, 2025, the date relevant to paragraph 12. Furthermore, the Government argues there is no

particularized need for these documents as Defendant is already in possession of the underlying conversation recording and asserts he is engaging in a fishing expedition that is merely a "thinly veiled request" as to how the Government will present its case.  Moreover, the Government commits to complying with all requirements under *Brady v. Maryland*, 373 U.S. 83 (1963).

The undersigned Magistrate Judge finds Defendant has not shown a particularized need for these grand jury transcripts.  While Defendant has tailored his request to transcripts, evidence, and materials related only to paragraph 12 of the Indictment, Defendant has not demonstrated that the need for these grand jury transcripts and documents "outweighs the public interest in secrecy." *Douglas Oil Co. of California*, 441 U.S. at 223.  Plaintiff has made no showing that "disclosure of such material would be necessary to avoid possible injustice in the current proceedings." *Doe No. 2 v. Oologah-Talala Indep. Sch. Dist. No. 4 of Rogers Cnty., Oklahoma*, 2023 WL 3391441, at *2 n.6 (N.D. Okla. May 11, 2023); *see also United States v. Riley*, 292 Fed. Appx. 717, 722 (10th Cir. 2008) ("[I]t appears Mr. Riley's request for the grand jury transcript to determine how the government established the interstate nexus element of the instant offense was nothing more than a substitute for general discovery, which is insufficient to demonstrate a particularized need for such material.").  "Relevance alone is not sufficient; secrecy will not be broken absent a compelling necessity for the materials." *Hernandez*, 2015 WL 738697, at *1 (citing *In re Grand Jury 95–1,* 118 F.3d at 1437).  "Moreover, the Government does not have a duty to present exculpatory information to a grand jury."

*Baver*, 2023 WL 3022495, at *8 (citing *United States v. Williams*, 504 U.S. 36, 52 (1992)).

Furthermore, "an indictment valid on its face is not subject to challenge on the ground that

the grand jury acted on the basis of inadequate or incompetent evidence." *United States v.*

*Calandra*, 414 U.S. 338, 345 (1974) (citing *Costello v. United States*, 350 U.S. 359, 362

(1956); *Holt v. United States*, 218 U.S. 245 (1910); *Lawn v. United States*, 355 U.S. 339,

350 (1958)).

Accordingly, the undersigned Magistrate Judge is not persuaded that Defendant

needs the requested transcripts and documentation to impeach Special Agent Green (or

anyone else). *See United States v. Espinoza-Romero*, 2016 WL 11642376, at *20 (D. Colo.

Jan. 28, 2016) (denying motion for disclosure where "request hinges on the speculative

possibility that the grand jury transcripts **could** contain impeachment or exculpatory

evidence, while making no attempt to show that the need for disclosure is greater than the

need for continued secrecy."). The Government has announced that Defendant will be

provided the relevant transcripts prior to trial, and Defendant will have sufficient time to

review is testimony in preparation for trial. Defendant therefore fails both to demonstrate

a particularized need that outweighs the policy of grand jury secrecy, and to overcome the

presumption of regularity in the grand jury process. *United States v. Flemmi,* 245 F.3d 24,

28 (1st Cir.2001) ("Although the grand jury operates under judicial supervision, it is

essentially an independent institution. In recognition of this status, courts afford grand jury

proceedings a presumption of regularity.") (citing *United States v. Johnson,* 319 U.S. 503,

513 (1943)).

Defendant's Petition to Disclose Grand Jury Testimony [Docket No. 298] is hereby DENIED.

IT IS SO ORDERED this 30th day of March, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**