N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                        Case No. 25-CR-211-JFH-6

GLENN RODGER HYDE,

      Defendant.

## OPINION AND ORDER

Before the Court is Defendant Glenn Rodger Hyde's Motion in Limine, which seeks to compel the United States of America ("Government") to disclose the identity of a Confidential Informant ("CI") who will testify for the Government at trial. Dkt. No. 297. In response, the Government admits that it will disclose the CI's identity but argues that disclosure this early jeopardizes the CI's safety. Dkt. No. 304 at 4. So, the Government encourages the Court to deny Hyde's Motion in Limine and allow disclosure later. *Id.* The Court ultimately agrees with the Government. Accordingly, Hyde's Motion in Limine, which the Court construes as a Motion to Compel, is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

According to the Government, multiple federal and state law enforcement agencies began investigating a drug trafficking organization led by Defendant Jerry Grist in June 2024. During that investigation, agents with the United States Drug Enforcement Administration ("DEA")") utilized a CI to conduct and record controlled buys on February 13, 2025, and October 3, 2025, both of which allegedly involved Hyde and multiple other individuals involved in Grist's drug trafficking organization.

On October 15, 2025, a federal grand jury indicted Hyde and thirteen other codefendants with drug conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C). Dkt. No. 2.  Since that time, several of those defendants pled guilty, and several others have not been arraigned.  So, as of the date of this order, six defendants—including Hyde—have their joint trial set for June 1, 2026. Dkt. No. 296.  Prior to trial, Hyde moved to compel the Government to disclose the identity of the CI who conducted and recorded these controlled buys on February 13, 2025, and October 3, 2025.  Dkt. No. 297.

**AUTHORITY AND ANALYSIS**

Hyde moves to compel the Government to disclose the identity of the CI pursuant to Federal Rule of Evidence 901 and *Roviaro v. United States*, 353 U.S. 53 (1957).  Dkt. Nos. 297, 306.  Neither argument requires immediate disclosure of the CI's identity.

### A.  Federal Rule of Evidence 901 does not require immediate disclosure.

Hyde first moves to compel disclosure under Rule 901.  Dkt. No. 297.  To properly authenticate or identify an item of evidence, this Rule requires the proponent of evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).  Such evidence may include "[t]estimony that an item is what it is claimed to be."  Fed. R. Evid. 901(b)(1).  Based on this rule, Hyde argues the CI's testimony is necessary to authenticate the February 13 and October 3 footage and possibly other items of evidence that are vaguely referenced in Hyde's Motion.  Dkt. No. 297 at 4.

Hyde may be correct that the CI is necessary to authenticate this evidence.  But the Government has indicated that the CI *will* testify at trial.  Dkt. No. 304 at 3-4.  So, the Government may use the CI to authenticate that evidence at trial, and Hyde may challenge that authentication. But Rule 901 does not contain a mechanism for Hyde to compel the pretrial disclosure of this CI.

2

**B.** ***Roviaro v. United States*** **does not require immediate disclosure either.**

Hyde also seeks disclosure under *Roviaro v. United States*, 353 U.S. 53 (1997). Dkt. No. 306. In *Roviaro,* the Supreme Court held that the government may "withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." 353 U.S. at 59. But the scope of this privilege "is limited." *Id.* at 60. An informant's identify may be revealed "if relevant and helpful to an accused's defense or essential to a fair determination of a cause," *United States v. Moralez*, 908 F.2d 565, 567 (10th Cir. 1990)," but disclosure ultimately depends on "balancing the public interest in protecting the flow of information in a manner necessary for effective law enforcement against an individual's right to prepare his defense." *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir. 1997).

Importantly, however, "[t]he issue of evidentiary law in *Roviaro* was whether (or when) the Government is obliged to reveal the identity of an undercover informer the Government does *not* call as a trial witness." *Banks v. Dretke*, 540 U.S. 668, 697 (2004). So, as the Tenth Circuit has explained, the Government does not need to disclose a CI's identity before trial if the CI will testify at that trial:

> [Defendant] first contends that the judgment should be reversed because of the refusal of the trial court to compel the Government to identify its witnesses by way of pre-trial discovery, particularly as concerns any witness who was also an informer. In thus arguing counsel relies primarily on *Roviaro v. United States* . . . . The significant difference between *Roviaro* and the instant case is that in the former the informer did not testify at trial, and in our case he did. Such ruled out the possibility that the informer's testimony could somehow be helpful to [defendant]. And there is nothing in the record to indicate prejudice resulting from the failure of defense counsel to be earlier apprised of the informer's identity . . . . Under the circumstances, we find no persuasive reason to depart from the aforementioned general rule that in a case of this type the Government need not disclose prior to trial the identity of any of its witnesses.

*United States v. Pennick,* 500 F.2d 184, 186-187 (10th Cir.), *cert. denied,* 419 U.S. 1051, 95 S.Ct. 629 (1974). Accordingly, "the government may moot a *Roviaro*-based disclosure request by

3

committing to call the [CI] as a witness at trial and to meet all of its statutory and constitutional discovery obligations related to the [CI]." *United States v. Medina-Penuelas*, No. 24-CR-428, 2024 WL 4728655, at *3 (D. Ariz. Nov. 8, 2024). Thus, because the Government has stated that the CI will testify at trial, Hyde's *Roviaro* request is moot.

However, given the potential importance of this testimony to Hyde's defense, Hyde should have adequate time to prepare for his cross-examination of the CI. Yet, the Court is also mindful that "informers whose identity is revealed prior to trial are often among the missing when the trial date rolls around," *Pennick*, 500 F.2d at 186, and notes that Hyde has not provided any specific need for immediate disclosure of the CI's identity. So, after balancing Hyde's interests against these safety concerns, the Court orders the Government to provide the CI's identity and any associated *Brady*, *Giglio*, and *Jencks* no later than four days before trial.

Finally, the Government must immediately notify defense counsel and the Court if the Government decides not to introduce the CI's testimony at trial. Depending upon when the Government notifies the defense and the Court of this change, the Court may order appropriate action "including continuing the trial, excluding other evidence, or even granting a mistrial. But, until then, the United States is entitled to the acceptance of its representation." *United States v. Ruiz*, No. 21-CR-426, 2023 WL 3562970, at *4 (N.D. Ga. May 19, 2023)

## **CONCLUSION**

IT IS THEREFORE ORDERED that Hyde's Motion in Limine [Dkt. No. 297] is GRANTED IN PART and DENIED IN PART.

Dated this 4th day of May, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE